## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SISVEL INTERNATIONAL S.A., | |
| 3G LICENSING S.A., and SISVEL S.p.A., | **Civil Action No.** |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| TESLA, INC., | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Sisvel International S.A., 3G Licensing S.A. and Sisvel S.p.A. (collectively, "Plaintiffs"), for their Complaint against Defendant Tesla, Inc. ("Tesla" or "Defendant"), allege the following:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2.      Sisvel International S.A. ("Sisvel") is an entity organized under the laws of Luxembourg with a place of business at 6, Avenue Marie Thérèse, 2132 Luxembourg, Grand Duchy of Luxembourg.

3.      3G Licensing S.A. ("3G Licensing") is also an entity organized under the laws of Luxembourg with a place of business at 6, Avenue Marie Thérèse, 2132 Luxembourg, Grand Duchy of Luxembourg.

4.      Sisvel S.p.A. ("Sisvel S.p.A.") is an entity organized under the laws of Italy with a place of business at Via Sestriere 100, 10060 None (TO) Italy.  "Sisvel" is an acronym for "Società Italiana per lo Sviluppo Dell'Elettronica."

5.      Founded in Italy in 1982, Sisvel is a world leader in fostering innovation and managing intellectual property.  Sisvel works with its partners offering a comprehensive approach to patent licensing: from issuing initial calls for essential patents; facilitating discussions among stakeholders; developing multiparty license agreements; executing and administering licenses; to collecting and distributing royalties.  At the same time, Sisvel actively promotes a culture of respect and understanding of the intellectual property and innovation ecosystem through, for example, its regular presence at the key consumer electronics trade fairs and intellectual property events, participation in policy discussions and conferences, as well as open dialogues with a number of government bodies, standard-setting organizations and industry associations.

6.      In early 2016, Sisvel initiated licensing activities in North America via its U.S. subsidiary, Sisvel US Inc.

7.      A subsidiary of Sisvel founded in 2015, 3G Licensing, is an intellectual property company operating in the consumer electronics and telecommunications industry. The company is composed of specialists with an extensive experience in administering licensing programs on behalf of third-party companies and organizations.

8.      A subsidiary of Sisvel founded in 1982, Sisvel S.p.A., is an intellectual property company operating primarily in areas of wireless communication, audio/video coding/decoding, digital video display, and broadband technology.  The company is composed of specialists with

extensive experience to support Sisvel's efforts in licensing programs and patent pools, primarily on behalf of third-party companies and organizations.

9.       Upon information and belief, Defendant is a corporation organized and existing under the laws of Delaware, with its principal place of business at 3500 Deer Creek Road, Palo Alto, California 94304.

10.       Defendant maintains a registered agent for service of process in Delaware at Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.   Upon information and belief, Defendant sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that enter into the stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

11.       This Court has jurisdiction over the subject matter jurisdiction of this case under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patent law – 35 U.S.C. § 101, *et seq.*).

12.       This Court has personal jurisdiction over Defendant, because Defendant has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Del. Code. Ann. Tit. 3, § 3104, as Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware by regularly conducting and soliciting business within the State of Delaware and within this District, and because Plaintiffs' causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and this District.  Further, this Court has personal jurisdiction over Defendant because

it is incorporated in the State of Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

13.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b) as Defendant is incorporated in the State of Delaware.

## ACCUSED INSTRUMENTALITIES

14.     Defendant makes, uses, sells and offers for sale, provides, and causes to be used, now and within the past six years the Tesla Model S, Model 3, and Model X ("Accused Instrumentalities"), among other such devices.

15.     Upon information and belief, and as widely reported, Defendant's Accused Instrumentalities are compliant with 3G and 4G cellular network standards.  (See, e.g., *First LTE-Enabled Tesla Model S Delivered*, Electrek (June 5, 2015), https://electrek.co/2015/06/05/ first-lte-enabled-model-s-delivered, attached hereto as Exhibit 1; *Tesla is introducing new paid 'premium connectivity' package to support in-car internet features of growing fleet*, Electrek (June 23, 2018), https://electrek.co/2018/06/23/tesla-new-paid-premium-connectivity-package-in-car-internet-features/, attached hereto as Exhibit 2.)

## BACKGROUND

16.     Plaintiffs are the owners by assignment of a portfolio of patents, including the nine patents described in detail in the counts below (collectively, the "Asserted Patents"), that relate to technology for cellular communications networks, including variations or generations of cellular communication network technology such as, but not limited to 3G, and 4G.

17.     Cellular communication network technology is used to provide data transmission across mobile cellular networks.

18.     U.S. Patent No. 7,979,070 ("the '070 patent") was assigned to Nokia Corporation either directly from the inventors or through mergers.  In 2011, the '070 patent was assigned to a trust by Nokia Corporation.  On April 10, 2012, Sisvel obtained ownership of the '070 patent.

19.     U.S. Patent Nos. 8,189,611 ("the '611 patent") and 8,600,383 ("the '383 patent") were assigned to Research in Motion Ltd. from the inventors.  Research in Motion Ltd. changed its name to Blackberry, Ltd. in 2013.  On November 16, 2018, the '611 and '383 patents were assigned to Provenance Asset Group LLC from Blackberry, Ltd.  On April 5, 2019, Sisvel obtained ownership of the '611 and '383 patents from Provenance Asset Group LLC.  On July 11, 2019, Sisvel assigned the '611 and '383 patents to 3G Licensing.

20.     U.S. Patent Nos. 7,215,653 ("the '653 patent"), 7,319,718 ("the '718 patent"), 7,551,625 ("the '625 patent") and 7,580,388 ("the '388 patent") were assigned to LG Electronics Inc. from the inventors.  On February 10, 2020, 3G Licensing obtained ownership of the '653, '718, '625 and '388 patents from LG Electronics Inc.

21.     U.S. Patent Nos. 7,869,396 ("the '396 patent") and 8,971,279 ("the '279 patent") were assigned to LG Electronics Inc. from the inventors.  On March 28, 2014, the '396 and '279 patents were assigned to Thomson Licensing SAS from LG Electronics.  On September 23, 2019, Sisvel S.p.A. obtained ownership of the '396 and '279 patents from Thomson Licensing SAS.

22.     Sisvel, 3G Licensing and Sisvel S.p.A. are the rightful owners of the Asserted Patents and hold the entire right, title and interest in the Asserted Patents.

23.     Sisvel sent a letter to Tesla on January 6, 2017, offering Tesla a license to patents owned and/or managed that are essential to cellular standards including 3G and 4G.  The

correspondence identified Tesla's Model X and Model S as making use of standards that infringe the offered patents.  On September 15, 2017, Sisvel sent another letter offering Tesla a license of patents owned and/or managed by Sisvel that are essential to cellular standards including 3G and 4G.  Following the September 15, 2017 letter, Sisvel and Tesla engaged in additional correspondence by email regarding licensing of Sisvel's patents.

24.     Sisvel sent additional correspondence to Tesla on March 11, 2019, offering Tesla a license to patents owned and/or managed by Sisvel that are essential to cellular standards including 3G and 4G.  The March 11, 2019 letter included links to Sisvel's website, the contents of that web page specifically identified the '070 patent.  Following the March 11, 2019 letter, Sisvel and Tesla continued correspondence by email.   Despite Sisvel's continuous efforts and numerous demonstrations of infringement over approximately two years, Tesla refused to take a license to the offered patents.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,979,070

25.     The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this First Claim for Relief.

26.     On July 12, 2011, the '070 patent, entitled "Mobile Equipment for Sending an Attach Request to a Network" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 12/232,724, filed on September 23, 2008.  The '070 patent claims priority to U.S. Patent No. 7,035,621 filed on October 13, 2000.  A true and correct copy of the '070 patent is attached as Exhibit 3.

27.     Plaintiff Sisvel is the assignee and owner of the right, title and interest in and to the '070 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

28.   The '070 patent discloses a system and method that Plaintiffs believe is essential under the 4G cellular standard as explained in attached Exhibit 4.   Thus, Defendant's Accused Instrumentalities that are compliant with the 4G standard are necessarily infringing the '070 patent.

29.   Defendant was made aware of the '070 patent and its infringement thereof by correspondence from Plaintiff on March 11, 2013, as discussed in paragraph 24 above.

30.   Defendant was further made aware of the '070 patent and its infringement thereof at least as early as the date of filing of this Complaint.

31.   Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 2 and/or 5 of the '070 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

32.   Since March 11, 2013 when it first was made aware of the '070 patent, Defendant's infringement has been, and continues to be, willful.

33.   Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

34.   Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 2 and/or 5 of the '070 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '070 patent.

35.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

36.     Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '070 patent because the invention of the '070 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '070 patent.  Defendant has knowingly induced infringement since at least March 11, 2013, when Defendant was first made aware of the '070 patent during extensive correspondence with Plaintiffs as discussed in paragraphs 23-24 above.

37.     Upon information and belief, the Defendant is liable as a contributory infringer of the '070 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '070 patent.  Each of the Accused Instrumentalities is a material component for use in practicing the '070 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.  In particular, each of the Accused Instrumentalities is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

38.     Plaintiffs have been harmed by Defendant's infringing activities.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,600,383**

39.     The allegations set forth in the foregoing paragraphs 1 through 38 are incorporated into this Second Claim for Relief.

40.     On December 3, 2013, the '383 patent, entitled "Apparatus and Method for Making Measurements in Mobile Telecommunications System User Equipment" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 13/617,241 filed on September 14, 2012.  The '383 patent claims priority to U.S. Patent No. 7,463,887 filed on August 18, 2004.  A true and correct copy of the '383 patent is attached as Exhibit 5.

41.     Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '383 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

42.     The '383 patent discloses a system and method that Plaintiffs believe is essential under the 4G cellular standard as explained in attached Exhibit 6.  Thus, Defendant's Accused Instrumentalities that are compliant with the 4G standard are necessarily infringing the '383 patent.

43.     Defendant was made aware of the '383 patent and its infringement thereof at least as early as the date of filing of this Complaint.

44.     Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 9, 17, 25, 49, 58, 66, 74, 82, and/or 90 of the '383 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

45.     Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

46.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 9, 17, 25, 49, 58, 66, 74, 82, and/or 90 of the '383 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively

aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '383 patent.

47.   In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

48.   Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '383 patent because the invention of the '383 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '383 patent  Defendant has knowingly induced infringement since at least the filing of this Complaint when Defendant was first made aware of the '383 patent.

49.   Upon information and belief, the Defendant is liable as a contributory infringer of the '383 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '383 patent.  Each of the Accused Instrumentalities is a material component for use in practicing the '383 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.  In particular, each of the Accused Instrumentalities is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

50.   Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,189,611

51.     The allegations set forth in the foregoing paragraphs 1 through 50 are incorporated into this Third Claim for Relief.

52.     On May 29, 2012, the '611 patent, entitled "System and Method for Resolving Contention Among Applications Requiring Data Connections Between a Mobile Communications Device and a Wireless Network" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 12/326,466 filed on December 2, 2008.  The '611 patent claims priority to U.S. Patent No. 7,474,671 filed on November 4, 2005.  A true and correct copy of the '611 patent is attached as Exhibit 7.

53.     Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '611 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

54.     The '611 patent discloses a system and method that Plaintiffs believe is essential under the 4G cellular standard as explained in attached Exhibit 8.  Thus, Defendant's Accused Instrumentalities that are compliant with the 4G standard are necessarily infringing the '611 patent.

55.     Defendant was made aware of the '611 patent and its infringement thereof at least as early as the date of filing of this Complaint.

56.     Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 7, and/or 8 of the '611 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

57.     Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

58.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 7, and/or 8 of the '611 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '611 patent.

59.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

60.     Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '611 patent because the invention of the '611 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '611 patent.  Defendant has knowingly induced infringement since at least the filing of this Complaint when Defendant was first made aware of the '611 patent.

61.     Upon information and belief, the Defendant is liable as a contributory infringer of the '611 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '611 patent.  Each of the Accused Instrumentalities is a material component for use in practicing the '611 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.  In particular, each of the Accused

Instrumentalities is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

62.     Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,215,653

63.     The allegations set forth in the foregoing paragraphs 1 through 62 are incorporated into this Fourth Claim for Relief.

64.     On May 8, 2007, the '653 patent, entitled "Controlling Data Transmission Rate on the Reverse Link for Each Mobile Station in a Dedicated Manner" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 10/071,243 filed on February 11, 2002.  A true and correct copy of the '653 patent is attached as Exhibit 9.

65.     Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '653 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

66.     The '653 patent discloses a system and method that Plaintiffs believe is essential under the 3G cellular standard as explained in attached Exhibit 10.  Thus, Defendant's Accused Instrumentalities that are compliant with the 3G standard are necessarily infringing the '653 patent.

67.     Defendant was made aware of the '653 patent and its infringement thereof at least as early as the date of filing of this Complaint.

68.     Upon information and belief, Defendant has and continues to directly infringe at least claims 34 and/or 37 of the '653 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

69.     Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

70.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 34 and/or 37 of the '653 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '653 patent.

71.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

72.     Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '653 patent because the invention of the '653 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '653 patent.  Defendant has knowingly induced infringement since at least the filing of this Complaint when Defendant was first made aware of the '653 patent.

73.     Upon information and belief, the Defendant is liable as a contributory infringer of the '653 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '653 patent.  Each of the Accused Instrumentalities is a

material component for use in practicing the '653 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.  In particular, each of the Accused Instrumentalities is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

74.     Plaintiffs have been harmed by Defendant's infringing activities.

### COUNT V – INFRINGEMENT OF U.S. PATENT NO. 7,319,718

75.     The allegations set forth in the foregoing paragraphs 1 through 74 are incorporated into this Fifth Claim for Relief.

76.     On January 15, 2008, the '718 patent, entitled "CQI Coding Method for HS-DPCCH" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 10/365,498 filed on February 13, 2003.  A true and correct copy of the '718 patent is attached as Exhibit 11.

77.     Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '718 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

78.     The '718 patent discloses a system and method that Plaintiffs believe is essential under the 3G cellular standard as explained in attached Exhibit 12.  Thus, Defendant's Accused Instrumentalities that are compliant with the 3G standard are necessarily infringing the '718 patent.

79.     Defendant was made aware of the '718 patent and its infringement thereof at least as early as the date of filing of this Complaint.

80.     Upon information and belief, Defendant has and continues to directly infringe at least claims 15 and/or 16 of the '718 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

81.     Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

82.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 15 and/or 16 of the '718 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '718 patent.

83.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

84.     Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '718 patent because the invention of the '718 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '718 patent.  Defendant has knowingly induced infringement since at least the filing of this Complaint when Defendant was first made aware of the '718 patent.

85.     Upon information and belief, the Defendant is liable as a contributory infringer of the '718 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '718 patent.  Each of the Accused Instrumentalities is a

material component for use in practicing the '718 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use. In particular, each of the Accused Instrumentalities is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

86.     Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 7,551,625

87.     The allegations set forth in the foregoing paragraphs 1 through 86 are incorporated into this Sixth Claim for Relief.

88.     On June 23, 2009, the '625 patent, entitled "Method of Scheduling an Uplink Packet Transmission Channel in a Mobile Communication System" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 11/097,011 filed on March 31, 2005. A true and correct copy of the '625 patent is attached as Exhibit 13.

89.     Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '625 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

90.     The '625 patent discloses a system and method that Plaintiffs believe is essential under the 3G cellular standard as explained in attached Exhibit 14. Thus, Defendant's Accused Instrumentalities that are compliant with the 3G standard are necessarily infringing the '625 patent.

91.     Defendant was made aware of the '625 patent and its infringement thereof at least as early as the date of filing of this Complaint.

92.     Upon information and belief, Defendant has and continues to directly infringe at least claims 16 and/or 39 of the '625 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

93.     Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

94.     Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 16 and/or 39 of the '625 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '625 patent.

95.     In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

96.     Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '625 patent because the invention of the '625 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '625 patent.  Defendant has knowingly induced infringement since at least the filing of this Complaint when Defendant was first made aware of the '625 patent.

97.     Upon information and belief, the Defendant is liable as a contributory infringer of the '625 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '625 patent.  Each of the Accused Instrumentalities is a

material component for use in practicing the '625 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.  In particular, each of the Accused Instrumentalities is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

98.    Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 7,580,388

99.    The allegations set forth in the foregoing paragraphs 1 through 98 are incorporated into this Seventh Claim for Relief.

100.    On August 25, 2009, the '388 patent, entitled "Method and Apparatus for Providing Enhanced Messages on Common Control Channel in Wireless Communication System" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 11/065,872 filed on February 25, 2005.  The '388 patent claims priority to U.S. Provisional Patent Application No. 60/576,214 filed on June 1, 2004 and Provisional Patent Application No. 60/589,630 filed on July 20, 2004.  A true and correct copy of the '388 patent is attached as Exhibit 15.

101.    Plaintiff 3G Licensing is the assignee and owner of the right, title and interest in and to the '388 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

102.    The '388 patent discloses a system and method that Plaintiffs believe is essential under the 3G cellular standard as explained in attached Exhibit 16.  Thus, Defendant's Accused Instrumentalities that are compliant with the 3G standard are necessarily infringing the '388 patent.

103.    Defendant was made aware of the '388 patent and its infringement thereof at least as early as the date of filing of this Complaint.

104.    Upon information and belief, Defendant has and continues to directly infringe at least claims 1 and/or 33 of the '388 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

105.    Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

106.    Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1 and/or 33 of the '388 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '388 patent.

107.    In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

108.    Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '388 patent because the invention of the '388 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '388 patent.  Defendant has knowingly induced infringement since at least the filing of this Complaint when Defendant was first made aware of the '388 patent.

109.     Upon information and belief, the Defendant is liable as a contributory infringer of the '388 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '388 patent.  Each of the Accused Instrumentalities is a material component for use in practicing the '388 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.  In particular, each of the Accused Instrumentalities is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

110.     Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT VIII – INFRINGEMENT OF U.S. PATENT NO. 7,869,396

111.     The allegations set forth in the foregoing paragraphs 1 through 110 are incorporated into this Eighth Claim for Relief.

112.     On January 11, 2011, the '396 patent, entitled "Data Transmission Method and Data Re-Transmission Method" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 12/158,646 filed on January 3, 2007.  The '396 patent claims priority to U.S. Provisional Patent Application No. 60/757,063 filed on January 5, 2006.  A true and correct copy of the '396 patent is attached as Exhibit 17.

113.     Plaintiff Sisvel S.p.A. is the assignee and owner of the right, title and interest in and to the '396 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

114.     The '396 patent discloses a system and method that Plaintiffs believe is essential under the 4G cellular standard as explained in attached Exhibit 18.  Thus, Defendant's Accused Instrumentalities that are compliant with the 4G standard are necessarily infringing the '396 patent.

115.    Defendant was made aware of the '396 patent and its infringement thereof at least as early as the date of filing of this Complaint.

116.    Upon information and belief, Defendant has and continues to directly infringe at least claims 1, 6 and/or 8 of the '396 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

117.    Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

118.    Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1, 6 and/or 8 of the '396 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '396 patent.

119.    In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

120.    Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '396 patent because the invention of the '396 patent is required to comply with the relevant cellular standard. Defendant advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which

induces others to infringe the '396 patent. Defendant has knowingly induced infringement since at least the filing of this Complaint when Defendant was first made aware of the '396 patent.

121.    Upon information and belief, the Defendant is liable as a contributory infringer of the '396 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '396 patent. Each of the Accused Instrumentalities is a material component for use in practicing the '396 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use. In particular, each of the Accused Instrumentalities is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

122.    Plaintiffs have been harmed by Defendant's infringing activities.

## COUNT IX – INFRINGEMENT OF U.S. PATENT NO. 8,971,279

123.    The allegations set forth in the foregoing paragraphs 1 through 122 are incorporated into this Ninth Claim for Relief.

124.    On March 3, 2015, the '279 patent, entitled "Method and Apparatus for Indicating Deactivation of Semi-Persistent Scheduling" was duly and legally issued by the United States Patent and Trademark Office from Patent Application No. 13/791,421 filed on March 8, 2013. The '279 patent claims priority to U.S. Provisional Patent Application Nos. 61/114,440 filed on November 13, 2008 and 61/119,375 filed on December 3, 2008. A true and correct copy of the '279 patent is attached as Exhibit 19.

125.    Plaintiff Sisvel S.p.A. is the assignee and owner of the right, title and interest in and to the '279 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

126.    The '279 patent discloses a system and method that Plaintiffs believe is essential under the 4G cellular standard as explained in attached Exhibit 20.  Thus, Defendant's Accused Instrumentalities that are compliant with the 4G standard are necessarily infringing the '279 patent.

127.    Defendant was made aware of the '279 patent and its infringement thereof at least as early as the date of filing of this Complaint.

128.    Upon information and belief, Defendant has and continues to directly infringe at least claims 1 and/or 11 of the '279 patent by making, using, selling, importing, offering for sale, providing, practicing, and causing the Accused Instrumentalities that infringe the patented methods.

129.    Upon information and belief, these Accused Instrumentalities are used, marketed, provided to, and/or used by or for the Defendant's partners, clients, customers/subscribers and end users across the country and in this District.

130.    Upon information and belief, Defendant has induced and continues to induce others to infringe at least claims 1 and/or 11 of the '279 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers/subscribers, and end users, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '279 patent.

131.    In particular, the Defendant's actions that aid and abet others such as its partners, customers/subscribers, clients, and end users to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

132.     Any party, including Defendant's partners, clients, customers/subscribers, and end users, using the Accused Instrumentalities necessarily infringes the '279 patent because the invention of the '279 patent is required to comply with the relevant cellular standard.  Defendant advertises its Accused Instrumentalities as compliant with the relevant cellular standard, which induces others to infringe the '279 patent.  Defendant has knowingly induced infringement since at least the filing of this Complaint when Defendant was first made aware of the '279 patent.

133.     Upon information and belief, the Defendant is liable as a contributory infringer of the '396 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States the Accused Instrumentalities that infringe the patented methods, to be especially made or adapted for use in an infringement of the '279 patent.  Each of the Accused Instrumentalities is a material component for use in practicing the '279 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.  In particular, each of the Accused Instrumentalities is advertised to be compliant with the relevant standard and primarily used in compliance with that standard.

134.     Plaintiffs have been harmed by Defendant's infringing activities.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable as such.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment for themselves and against Defendant as follows:

A.     An adjudication that Defendant has infringed the '070, '383, '611, '653, '718, '625, '388, '396, and '279 patents;

B.      An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '070, '383, '611, '653, '718, '625, '388, '396, and '279 patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiffs' reasonable attorneys' fees; and

D.      An award to Plaintiffs of such further relief at law or in equity as the Court deems just and proper.

Dated:  May 15, 2020                    DEVLIN LAW FIRM LLC

                                        */s/ Timothy Devlin*
                                        Timothy Devlin (No. 4241)
                                        tdevlin@devlinlawfirm.com
                                        1526 Gilpin Avenue
                                        Wilmington, Delaware 19806
                                        Telephone: (302) 449-9010
                                        Facsimile: (302) 353-4251

                                        *Attorneys for Plaintiffs*
                                        *SISVEL INTERNATIONAL S.A.,*
                                        *3G LICENSING S.A. and SISVEL S.p.A.*